IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| WILLIAM ALLEN LEGG, #122-942 | * | |
| Petitioner | * | |
| v | * | Civil Action No. DKC-16-3115 |
| ANDREA BRAND, Acting CEO and THE ATTORNEY GENERAL OF THE STATE OF MARYLAND | * * | |
| Respondents | * | |

***

## MEMORANDUM OPINION

William Allen Legg, a self-represented petitioner involuntarily committed to the Department of Health and Mental Hygiene ("DHMH"),[1] filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1). Respondents, the Acting CEO of Spring Grove Hospital Center, the institution where Legg is confined, and the Attorney General of the State of Maryland, filed a response. (ECF No. 5).

Having reviewed the parties' submissions, the court finds no need for an evidentiary hearing. *See* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts* and Local Rule 105.6 (D. Md. 2016); *see also Fisher v. Lee*, 215 F. 3d 438, 455 (4th Cir. 2000) (petitioner not entitled to a hearing under 28 U.S.C. § 2254(e)(2)). For the reasons set forth herein, the court shall DISMISS the petition and shall DECLINE to issue a certificate of appealability.

## CLAIMS PRESENTED

Simply stated, Legg's primary claim is that he is not the individual who assaulted an employee at the Harford County Detention Center on July 27, 2006, and thus should not be

---

[1] Legg currently is committed to Spring Grove Hospital Center ("Spring Grove").

held by Maryland authorities.[2]  Legg also raises a second claim that the incompetency plea entered in connection with the incident that led to his present detention at Spring Grove was obtained outside his presence and without his consent.[3]  (ECF No. 1 at pp. 1-5).

## BACKGROUND

On the afternoon of July 27, 2006, Bel Air police officers Novak and Zulauf responded following a report that a white male was panhandling money and cigarettes from shoppers at the Bel Air Town Center.[4]  (ECF No. 5-10 at p. 1).  Zulauf asked the individual, whom he identified as William Legg,[5] to leave.  Legg became aggressive with both officers and was arrested for assault, failing to obey a lawful order, disorderly conduct, and resisting arrest, and taken to the Bel Air Police Department for processing.[6]  (*Id.* at pp. 1-2).  Later that day, Legg was taken to the Harford County Detention Center, where he assaulted Corrections Officer ("CO") David Chester during a transfer from the "bullpen" to a holding cell.  *State v. Legg,* Case No. 6R00053969 (Dist. Ct. of Md. for Harford Co.), attached at ECF No. 5-1; ECF No. 5-2 (Application for Statement of Charges).

This second incident involving CO Chester is at issue here.  Legg was provided court-appointed counsel, Assistant Public Defender Kelly A. Casper, by the District Court.  On

---

[2] Legg also complains that he was wrongfully taken into custody and transported to Maryland from York, Pennsylvania.  While said incident may have occurred in connection with Legg's frequent elopements from Spring Grove, it is not related to the instant petition for habeas corpus relief arising from incidents occurring on July 27, 2006.

[3] Legg's continued commitment to Spring Grove is before the court in an unrelated matter.  *See Legg v. Spring Grove, et al.,* Civil Action No. DKC-16-2814 (D. Md.).

[4] Bel Air is located in Harford County, Maryland.

[5] Review of Maryland's electronic docket reveals that Legg's criminal history in Harford County, Maryland dates to 1996.  *See* http://casesearch.courts.state.md.us/casesearch/inquirySearch.jis.

[6] On January 4, 2017, Legg was found guilty of failing to obey a lawful order and disorderly conduct.  No penalty was imposed.  The other charges were placed on the stet docket.  *See State v. Legg,* Case No. 2R00053524 (Dist. Ct. of Md. for Harford Co.).

July 17, 2007, the District Court committed Legg to DHMH for treatment following a verdict of not criminally responsible ("NCR").[7]

On September 11, 2007, an Administrative Law Judge ("ALJ") recommended Legg be released from confinement and placed on conditional release for five years. *See Legg v. Spring Grove Hospital Center, et al.,* Civil Action No. DKC-16-2814 (D. Md.), ECF No. 5-6. Before the Harford County District Court ordered his release, Legg left Spring Grove without permission on September 23, 2007, thereby voiding his conditional release. *Id.,* ECF No. 5-5. This pattern of return, conditional release, and/or elopement continued from September of 2007 to May of 2016. *Id.,* ECF No. 5, Ex. 4-17.

## STANDARD OF REVIEW

An application for writ of habeas corpus may be granted only for violations of the Constitution or laws of the United States. 28 U.S.C. § 2254(a). The federal habeas statute at 28 U.S.C. § 2254 sets forth a "highly deferential standard for evaluating state-court rulings." *Lindh v. Murphy*, 521 U.S. 320, 333 n.7 (1997); *see also Bell v. Cone*, 543 U.S. 447 (2005). The standard is "difficult to meet," and requires courts to give state-court decisions the benefit of the doubt. *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) (internal quotation marks and citations omitted); *see also White v Woodall,* __ U.S.__, __, 134 S. Ct 1697, 1702 (2014), quoting *Harrington v. Richter*, 562 U.S. 86, 103 (2011) (state prisoner must show state court ruling on claim presented in federal court was "so lacking in justification that there was an error well

---

[7] Legg's counseled appeal to the Circuit Court for Harford County was filed on August 23, 2007 and dismissed on October 15, 2008. *See State v. Legg,* Case No. 12K07001515 (Harford Co. Cir. Ct.). Although the reason for dismissal is not apparent from the docket, it seems that Legg at various times was not at Spring Grove and did not appear for various proceedings. The District and Circuit Courts have concurrent jurisdiction under various circumstances in criminal cases. Maryland law also provides for an appeal from the District Court to the Circuit Court if a defendant seeks a jury trial to which he or she is entitled. *See* Md. Code. Ann., Cts & Jud. Proc., § 4-301.

understood and comprehended in existing law beyond any possibility for fair minded disagreement.").

A federal court may not grant a writ of habeas corpus unless the state's adjudication on the merits:  1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or 2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.  28 U.S.C. § 2254 (d).  A state adjudication is contrary to clearly established federal law under § 2254(d)(1) where the state court 1) "arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law," or 2) "confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to [the Supreme Court]."  *Williams v. Taylor*, 529 U.S. 362, 405 (2000).

Before applying this standard, the court must first determine whether each claim is cognizable for federal review and, if deemed cognizable, whether the claim has been fully exhausted in the state courts through direct appeal and/or by way of post-conviction proceedings.

## ANALYSIS

Legg's claim that he is not the individual who assaulted a Harford County corrections officer is both specious and unexhausted.  From the charging documents and State court docket, it is apparent that Legg is nearly six feet tall and weighs approximately 350 pounds.  He has had extensive interaction with Harford County law enforcement and his identity in the two July 27, 2006 incidents is not in doubt.[8]  Further, this claim does not appear to have been raised – much less exhausted – in State court.

---

[8] Legg's request for "discovery" to obtain fingerprint evidence showing he is not the individual arrested on July 27, 2006 is denied.

Legg also claims that the judicial order mandating his mental health evaluation and the determination of incompetency following that evaluation should have been made during formal court appearances while he was present.  (ECF No. 1 at p. 5, ground 3).  To the extent this claim was raised on appeal to the Circuit Court, it was never adjudicated due to Legg's elopement from commitment and, at this stage and remains unexhausted.

## CONCLUSION

Having failed to exhaust his claims and to rebut the presumption of correctness of the findings of fact underlying state court findings of not criminally responsible, Legg is not entitled to federal habeas relief.  There is no basis upon which to find constitutional deficiencies in the state court proceedings.

While Legg may appeal this determination, he must first obtain a certificate of appealability.  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  The petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (citation and internal quotation marks omitted), or that "the issues presented are adequate to deserve encouragement to proceed further," *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).  Because there has been no substantial showing of the denial of a constitutional right, this court declines to issue a certificate of appealability.[9]  *See* 28 U.S.C. § 2253(c)(2).

A separate order follows.

April 10, 2017                              _____/s/_____
                                            DEBORAH K. CHASANOW
                                            United States District Judge

---

[9] Legg may request a certificate of appealability from the United States Court of Appeals for the Fourth Circuit.